UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

CRP LMC PROP CO. L.L.C. d/b/a
"LAUDERDALE MARINE CENTER",

    Plaintiff,

v.

M/Y *XOXO*, a 2001 model 27.61-meter
Mangusta motor yacht marked with Hull
Identification Number USZ00197D001
and registered in the Cayman Islands as
Official Number 734587, her engines, tackle,
furniture, furnishings, personal watercraft,
tenders, and appurtenances, *in rem,* and
ORANGE SHARK YACHTING LTD.,
*in personam,*

    Defendants.
_____/

**VERIFIED COMPLAINT**

    Plaintiff, CRP LMC PROP CO. L.L.C. d/b/a "Lauderdale Marine Center" sues *in rem* Defendant, M/Y *XOXO*, a 2001 model 27.61-meter Mangusta motor yacht marked with Hull Identification Number USZ00197D001 and registered in the Cayman Islands as Official Number 734587, her engines, tackle, furniture, furnishings, personal watercraft, tenders and appurtenances, and *in personam* Defendant, Orange Shark Yachting Ltd., and alleges:

    1.    Plaintiff, CRP LMC PROP CO., L.L.C. d/b/a "Lauderdale Marine Center" (hereinafter "LMC" or "Plaintiff"), brings a maritime lien foreclosure action under Title 46 U.S.C. § 31342 to collect money owed for *necessaries* provided to the *in rem* Defendant, M/Y

1

*XOXO*.

2. In addition, LMC asserts a contract action against Defendant, Orange Shark Yachting Ltd., to recover damages for Defendant's breach of a "Boat Handling, Dockage & Storage Agreement" for M/Y *XOXO.*

3. Title 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court because Plaintiff's maritime lien foreclosure action involves a federal question under Title 46 U.S.C. § 31342.

4. Title 28 U.S.C. § 1333 grants subject matter jurisdiction to this Court because Plaintiff's claim for breach of a maritime contract involves services provided to a vessel.

5. *In rem* Defendant, M/Y *XOXO*, is a "vessel" under Title 1 U.S.C. § 3.

6. Title 28 U.S.C. § 1367 provides this Court with supplemental jurisdiction to resolve Plaintiff's claims for account stated and equitable remedies.

7. LMC invokes Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and E to foreclose its preferred maritime necessaries lien against the *in rem* Defendant, M/Y *XOXO*.

8. LMC invokes Supplemental Admiralty Rules B and E to obtain *quasi in personam* jurisdiction over Defendant, Orange Shark Yachting Ltd.

9. LMC is a Delaware limited liability company authorized to transact business in the State of Florida.

10. LMC provides boat handling, dockage, dry storage, utilities, and other services to recreational boats and yachts.

11. Boat handling, dockage, dry storage and utilities (water, electricity) provided to M/Y *XOXO* are deemed e "*necessaries*" under the general maritime law and Title 46 U.S.C. §

31342.

12. At all times material, *in rem* Defendant, M/Y *XOXO,* is a 2001 model 27.61-meter Mangusta motor yacht marked with Hull Identification Number USZ00197D001 and registered in the Cayman Islands as Official Number 734587 (hereinafter "Vessel" or "*XOXO*"). A copy of the Vessel's Abstract of Title is attached hereto as Exhibit "A".

13. For purposes of the maritime lien foreclosure action, the Vessel includes her engines, tackle, furniture, furnishings, personal watercraft, tenders and appurtenances.

14. The Vessel is currently within the territory of the United States District Court for the Southern District of Florida and will remain so during the course of this action.

15. At all material times, *in personam* Defendant, Orange Shark Yachting Ltd. ("Orange Shark"), is a Cayman Islands company with its principle place of business in Georgetown, Grand Cayman.

16. At all material times, Orange Shark is the legal owner of M/Y *XOXO*. See the Vessel's abstract of title attached hereto as Exhibit "A".

17. At all material times, Matthew Cohen ("Cohen"), is a U.S. citizen and resident of the State of New York.

18. At all material times, and upon information and belief, Cohen is the sole director and shareholder of Orange Shark.

19. At all material times, Cohen is the beneficial owner of the Vessel.

20. At all material times, and upon information and belief, there is no recorded ship mortgage on the Vessel. See Exhibit "A".

21. At all material times, Cohen was and is the actual or apparent agent for Orange

3

Shark.  See ¶ 1 of the Boat Handling, Dockage & Dry Storage Agreement and the Owner representative's signature block on the first page, which is attached hereto as Exhibit "B".

22. At all material times, Orange Shark authorized Cohen to procure *necessaries* for the Vessel.  See *Id.*

23. On August 7, 2017, Cohen, as Orange Shark's representative, signed a "Boat Handling, Dockage & Storage Agreement" ("Agreement") to procure dockage, dry storage and boat handling services for the Vessel.  A copy of the Boat Handling, Dockage & Dry Storage Agreement is attached hereto as Exhibit "B".

24. Of particular importance, Orange Shark contractually stipulated to the following:

    a. All work, services and supplies that LMC provided to the Vessel are "*necessaries*";

    b. LMC has a preferred maritime lien against the Vessel for all work, services and supplies provided;

    c. LMC has the statutory right under 46 U.S.C. § 31301 *et. seq.* to sue the Vessel *in rem* to foreclose its maritime lien; and

    d. LMC can recover its attorneys' fees and litigation expenses from the Owner, Orange Shark, through a Supplemental Admiralty Rule B attachment of the Vessel.

See ¶ 28 of the Boat Handling, Dockage & Storage Agreement attached hereto as Exhibit "B".

25. LMC provided "*necessaries*" to the Vessel as shown by the statement and invoices attached hereto as Composite Exhibit "C".

26. LMC submitted a statement and invoices to Orange Shark but it has not paid for the *necessaries*.  See Composite Exhibit "C".

27. Orange Shark took the Vessel from LMC'S facility without paying for LMC'S services.

28. LMC is owed $44,657.06 for *necessaries* it provided to the Vessel. See Composite Exhibit "C".

29. LMC is entitled to recover pre-judgment interest at the rate of 18% per year (1.5% per month). See ¶ 27 of the Boat Handling, Dockage & Storage Agreement attached hereto as Exhibit "B".

30. LMC is also entitled to recover all expenses, including attorneys' fees, court costs, collection charges and fees incurred in enforcing the Agreement. See *Id*.

31. LMC made several demands on Orange Shark to pay the outstanding charges for *necessaries* provided to the Vessel but the Owner has not paid the invoices, which are attached hereto as Composite Exhibit "C".

32. LMC has a preferred maritime *necessaries* lien against M/Y *XOXO* pursuant to Title 46 U.S.C. § 31342. See ¶ 1 and 28 of Exhibit "B".

33. LMC is entitled to foreclose its maritime *necessaries* lien on the Vessel to recover damages for the unpaid invoices pursuant to Title 46 U.S.C. § 31342. Orange Shark acknowledged LMC'S maritime lien rights under ¶¶ 1, 20, 27 and 28 of the Boat Handling, Dockage & Storage Agreement. See Exhibit "B".

34. Florida Statute § 48.193(1)(a) says:

> A person, whether or not a citizen of resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself, and if he or she is a natural person, his or her personal representatives to the jurisdiction of the courts of this state for any cause of action arising from…
>
> (1) Operating, conducting, engaging in, or carrying on a business…in this

state;

\* \* \*

(7) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

35. This Court has personal jurisdiction over the Defendants pursuant to Florida Statute §§ 48.193(1)(a)(1) and (7) because the Defendants breached the terms of the Agreement in Broward County, Florida. See Exhibits B and C.

36. This Court is the proper venue to resolve this matter because:

   a. The *in rem* Defendant Vessel is located in Broward County, Florida;

   b. The contract between LMC and the Vessel Owner was executed in Broward County, Florida;

   c. LMC provided the services and supplies to the Vessel in Broward County, Florida; and,

   d. The material witnesses are located within this Court's jurisdiction.

37. LMC fulfilled or satisfied all conditions precedent for filing this suit.

### COUNT I
### *NECESSARIES* LIEN FORECLOSURE ACTION
### PURSUANT TO TITLE 46 U.S.C. § 31301, *et, seq.*

38. LMC re-alleges paragraphs 1, 3, 5, 7, 9 through 29 and 31 through 37 of the Verified Complaint as if fully set forth herein.

39. LMC has a preferred maritime *necessaries* lien against the Vessel pursuant to Title 46 U.S.C. § 31342 of the Commercial Instruments and Maritime Liens Act. See ¶¶ 1 and 28 of Exhibit "B"; and the invoices attached as Composite Exhibit "C".

40. LMC'S preferred maritime *necessaries* lien is in the amount of $44,657.06 or such other amount as may be determined by the Court. See Exhibit "C" attached hereto.

41. Title 46 U.S.C. § 31342 provide LMC a statutory cause of action that enables it to

foreclose the maritime *necessaries* lien against the Vessel through this *in rem* action.  See ¶¶ 1 and 28 of Exhibit "B".

42. In addition to recovering the amount due for *necessaries*, LMC is entitled to recover court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses).   See ¶ 27 of Exhibit "B".

43. LMC is also entitled to recover pre-judgment interest at the rate of 18% per year on the outstanding balance under the terms of the Agreement.  See ¶ 27 of Exhibit "B".

WHEREFORE, Plaintiff, CRP LMC PROP CO., L.L.C., demands the following relief:

(A) That the Court order the Clerk of Court to issue a warrant of arrest *in rem* for M/Y *XOXO* and direct the U.S. Marshals Service to serve the warrant to effect the Vessel's arrest;

(B) That the Court direct the manner in which LMC shall give notice of this action to the owner, master, ranking officer and/or manager of the *in rem* Defendant Vessel, and to any persons, firms or corporations having an interest therein;

(C) That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

(D) That the Court declare CRP LMC PROP CO., L.L.C. has a preferred maritime lien for *necessaries* against the Vessel and that it is a valid and subsisting lien upon the Vessel

(E) That the Court declare CRP LMC PROP CO., L.L.C.'S preferred maritime *necessaries* lien is superior in interest to all other liens, claims or interests that may be asserted against the Vessel in this suit;

(F) That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit to assert their *in rem* claims are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel;

(G) That the Court enter judgment in favor of "CRP LMC PROP CO, L.L.C." against M/Y *XOXO* for the outstanding debt owed for the *necessaries* described herein plus pre-judgment interest at the rate of 18% per year, and court costs, including the *custodia legis* expenses;

(H) That the Court condemn M/Y *XOXO* and order it sold at auction by the United States Marshal to pay the *in rem* judgment awarded to CRP LMC PROP CO., L.L.C.;

(I) That the Court allow CRP LMC PROP CO., L.L.C. to credit bid up to the amount of its judgment at the U.S. Marshal's sale of the Vessel;

(J) That the Court decree that CRP LMC PROP CO., L.L.C.'S credit bidding authority is superior to any other credit bidding authority that might be granted to other judgment creditors because it hols a superior maritime lien;

(K) That the Court reserve jurisdiction to award CRP LMC PROP CO., L.L.C a deficiency and/or supplemental judgment against Orange Shark Yachting Ltd. as necessary to compensate for Plaintiff's losses; and,

(L) For the Court to award CRP LMC PROP CO., L.L.C. such other and further relief as the Honorable Court deems just and proper.

## COUNT II
## LMC'S CLAIM FOR BREACH OF MARITIME CONTRACT WITH A SUPPLEMENTAL ADMIRLATY RULE B ATTACHMENT OF M/Y *XOXO*

44. LMC re-alleges the facts in ¶¶ 2, 4, 5, 8, 9 through 23, 24d, 25 through 31 and 34 through 37 of the Verified Complaint as if fully set forth herein.

45. According to the Florida Secretary of State, Division of Corporations, Orange Shark Yachting Ltd. is not authorized to transact business in the State of Florida.

46. Orange Shark did not appoint a registered agent to receive service of process in the Southern District of Florida.

47. The public records do not indicate that Orange Shark has an officer, managing or general agent in the Southern District of Florida to receive service of process.

48. Orange Shark "cannot be found within the Southern District of Florida" in accordance with Supplemental Admiralty Rule B and Southern District of Florida Local Admiralty Rule B.

49. LMC invokes Supplemental Admiralty Rule B to attach M/Y *XOXO* to obtain *quasi in rem* jurisdiction over Orange Shark for purposes of litigating the *in personam* claim for breach of maritime contract.

50. Orange Shark breached the terms of the Boat Handling, Dockage & Storage Agreement by failing to timely pay for the services and supplies LMC provided to the Vessel. See ¶ 20 of Exhibit "B"; and the invoices attached hereto as Composite Exhibit "C".

51. As a direct and proximate result of Orange Shark's breach of the Agreement, LMC sustained damages of $44,657.06.

52. Under the terms of the Agreement, LMC is entitled to recover attorneys' fees and court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses).  See ¶¶ 27 and 28 of Exhibit "B".

53. LMC is also entitled to recover pre-judgment interest at the rate of 18% per year under the terms of the Agreement. See ¶ 27 of Exhibit "B".

WHEREFORE, Plaintiff, CRP LMC PROP CO, L.L.C., demands the following relief:

(A)  That the Court decree that Orange Shark Yachting Ltd. cannot be found within the Southern District of Florida pursuant to Supplemental Admiralty Rule B and declare that CRP LMC PROP CO., L.L.C. may attach the M/Y *XOXO* to obtain *quasi in rem* jurisdiction over Orange Shark for the maritime contract claim;

(B)  That the Court order the Clerk of Court to issue a process of maritime attachment and garnishment for M/Y *XOXO* and instruct the U.S. Marshals Service to serve the process of maritime attachment and garnishment on the Vessel to effect *quasi in rem* jurisdiction over Orange Shark for the maritime contract claim;

(C)  That the Court direct the manner in which LMC shall give notice of this action to the owner, master, ranking officer and/or manager of the *in rem* Defendant Vessel, and to any persons, firms or corporations having an interest therein;

(D)  That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

(E)  That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit to assert their *in rem* claims are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel;

(F)  That the Court enter judgment in favor of CRP LMC PROP CO, L.L.C. and award it compensatory damages, pre-judgment interest, attorneys' fees and court costs, including *custodia legis* expenses, against Orange Shark Yachting Ltd.;

(G)  That the Court condemn M/Y *XOXO* and order it sold at auction by the United States Marshal to pay the *in personam* judgment awarded to CRP LMC PROP CO, L.L.C.;

(H)     That the Court allow CRP LMC PROP CO., L.L.C. to credit bid up to the amount of its *in personam* judgment at the U.S. Marshal's sale of the Vessel;

(I)      That the Court decree that CRP LMC PROP CO., L.L.C.'S credit bidding authority is superior to any other credit bidding authority that might be granted to other judgment creditors because it holds a superior maritime interest in the Vessel;

(J)     That the Court reserve jurisdiction to award CRP LMC PROP CO., L.L.C a deficiency and/or supplemental judgment against Orange Shark Yachting Ltd. as necessary to compensate for its losses; and,

(K)     For the Court to award CRP LMC PROP CO., L.L.C., such other and further relief as the Honorable Court deems just and proper.

## COUNT III
## LMC'S CLAIM FOR ACCOUNT STATED

54.    LMC re-alleges paragraphs 5, 6, 9 through 12, 14 through 23, 25 through 31, and 34 through 37 of the Verified Complaint as if fully set forth herein.

55.    The Agreement between LMC and Orange Shark says that LMC'S invoices and process billing are due as stated in the invoices. See ¶ 20 of Exhibit "B".

56.    LMC submitted its statement and invoices to Orange Shark for payment on the dates shown on the bills, which are attached as Composite Exhibit "C".

57.    Orange Shark has not paid for the *necessaries* provided to the Vessel.

58.    Orange Shark did not raise timely objections to LMC'S invoices.

59.    As a direct and proximate result of Orange Shark's refusal or inability to pay the invoices, LMC sustained damages of $44,657.06.

WHEREFORE, CRP LMC PROP CO., L.L.C, demands judgment against *in personam* Defendant, Orange Shark Yachting Ltd., and requests this Court award compensatory damages, pre-judgment interest, attorneys' fees, court costs and such further relief to it as the Court deems proper.

## COUNT IV
## EQUITABLE REMEDIES

60. LMC re-alleges paragraphs 5, 6, 9 through 12, 14 through 23, 25 through 31 and 34 through 37 of the Verified Complaint as if fully set forth herein.

61. If the Court finds one or more of the charges shown on the invoices are not governed by the Agreement, or, alternatively, if the Court finds there is no privity of contract between LMC and the *in personam* Defendant, Orange Shark, then LMC alleges alternative claims for relief based on the following equitable remedies.

62. LMC alleges it is entitled to recover money for the value of its services and supplies under equitable principles of *quantum meruit* or unjust enrichment.

63. Orange Shark knew LMC was providing services and supplies to the Vessel and that LMC expected payment for same.

64. Orange Shark accepted LMC'S services and supplies without objection and it will be unjustly enriched if it is not required f to pay the reasonable value of the services and supplies provided.

65. The reasonable value of LMC'S services and supplies provided to or on behalf of the Yacht is $44,657.06.

WHEREFORE, Plaintiff, CRP LMC PROP CO, L.L.C., demands judgment against the *in personam* Defendant, Orange Shark Yachting Ltd., and requests an award of damages for the

reasonable value of services and supplies that LMC provided to the Vessel, plus pre-judgment interest, court costs and such further relief the Court deems proper.

Dated:   March 19, 2018.

                              Respectfully submitted,

                              STROUP & MARTIN, P.A.
                              Attorneys for Plaintiff
                              119 Southeast 12th Street
                              Fort Lauderdale, Florida 33316
                              Telephone:  (954) 462-8808
                              Facsimile:  (954) 462-0278
                              E-mail:  fmartin@stroup.law.com
                              E-mail:  jstroup@strouplaw.com

                              By: */s/ Farris J. Martin, III*
                                    FARRIS J. MARTIN, III
                                    Florida Bar No. 0879916
                                    JAMES W. STROUP
                                    Florida Bar No. 0842117

## **VERIFICATION**

DOUG WEST, states under oath:

1. My name is DOUG WEST, I am over twenty-one (21) years old and am the Manager of CRP LMC PROP CO. LLC d/b/a "Lauderdale Marine Center".

2. I read the foregoing Verified Complaint and know the contents thereof. The factual allegations are true to the best of my own knowledge and belief. In addition, the documents in Exhibit "B" and Composite Exhibit "C" are true and correct copies of the original documents and records maintained by the Company.

3. The sources of my information and the grounds for my belief as to all matters stated in the Verified Complaint are based upon my personal knowledge, my review of the Company's records or interviews of LMC'S employees that have knowledge of the services and supplies provided to the Vessel and the invoices submitted to the Owner's representative.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19, 2018.

By: _____
DOUG WEST, as Authorized Signatory of
CRP LMC PROP CO. LLC d/b/a "Lauderdale Marine Center"